UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY JAMES ISHAM,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>VIRGINIA MEDICAL CENTER, and<br>ONE UNKNOWN NAMED EMPLOYEE OF<br>THE VIRGINIA MEDICAL CENTER,<br><br>　　　　　Defendants. | Civil File No. 06-3780 (PJS/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff, an inmate at the St. Louis County Jail in Duluth, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.)  The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to one of the two Defendants listed in the caption of the complaint – "Virginia Medical Center."  The Court will therefore recommend that this action be summarily dismissed as to that Defendant.

**I. BACKGROUND**

　　　　The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "On 8-21-2006, the above unknown named defendant, did willfully release privleged [sic] information, of a medical nature, to officers of the Virginia Police Dept., without the consent of the plaintiff, or the issuance of a lawfull [sic] warrant.  Said information was published in the newspaper."

(Complaint, p. 3, § IV "Statement of Claim.")

Based on these meager allegations, Plaintiff is seeking a judgment for punitive damages in the amount of $17,120.00.  (The complaint does not describe any harm or injury that Plaintiff has sustained, and he apparently is not seeking any compensatory damages.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government entities and/or employees,[1] his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S.

---

[1] Plaintiff has not actually alleged that either of the Defendants is a governmental entity or employee.  However, the caption of his complaint indicates that he is seeking relief under 42 U.S.C. § 1983, and he cannot bring a claim under that statute unless Defendants are state actors.  Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir.), cert. denied, 126 S.Ct. 2902 (2006).

42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added).

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim against the Defendant identified as Virginia Medical Center, because there are no factual allegations describing anything that Virginia Medical Center itself purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. In fact, Virginia Medical Center is never even mentioned in the "Statement of Claim" section of Plaintiff's complaint.

It appears that Plaintiff may be seeking to hold Defendant Virginia Medical Center

vicariously liable for some allegedly wrongful act or omission by one of it employees. Such a claim, however, would not be actionable, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in § 1983 cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against a government official or entity, the complaint would have to include factual allegations showing how that particular party directly caused a violation of the plaintiff's constitutional rights.[2] Because no such allegations against Virginia Medical Center appear in Plaintiff's present pleading, he has failed to state any § 1983 claim against that Defendant.

## III.  CONCLUSION

For the reasons discussed above, it is recommended that this action be summarily dismissed as to Defendant Virginia Medical Center pursuant to 28 U.S.C. § 1915A(b). The Court will defer any ruling on the adequacy of Plaintiff's allegations against the other Defendant that he is attempting to sue, (identified only as "one unknown named employee of the Virginia Medical Center"), and he will be allowed to pursue his claims against that Defendant at this time.

## IV.  RECOMMENDATION

---

[2]  A state actor that is an employer can be responsible for a constitutional violation, (and thus can be liable under § 1983), if it is alleged (and ultimately proven) that an employee's unconstitutional conduct resulted from some particular policy or custom of the employer, or from the employer's failure to adequately train or supervise its employees. City of Canton v. Harris, 489 U.S. 378, 386-87 (1989). There obviously are no such allegations here, however, as the apparent employer, Virginia Medical Center, is not even mentioned in the Statement of Claim.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendant Virginia Medical Center be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against the other Defendant listed in the caption of the complaint be allowed to proceed at this time, without prejudice to any defenses that the remaining Defendant may later seek to raise.

Dated: September 22, 2006

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 6, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.